**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LARRY DONNELL GAITHER,
<u>Plaintiff-Appellant,</u>

v.                                                          No. 96-6406

J. C. SMITH; JOE L. PRATT,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CA-96-132-5-BR)

Submitted: October 29, 1996

Decided: January 27, 1997

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Larry Donnell Gaither, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant, a North Carolina inmate, appeals the district court's order denying relief on his 42 U.S.C. § 1983 (1994) complaint under 28 U.S.C. § 1915(d) (1994), amended by Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). We have reviewed the record and the district court's opinion and find no abuse of discretion. Accordingly, we affirm substantially on the reasoning of the district court. Gaither v. Smith, No. CA-96-132-5-BR (E.D.N.C. Mar. 4, 1996). To the extent that Appellant raises claims not addressed by the district court, we find his claims meritless.

First, to the extent Appellant's claim of retaliation for filing a prison grievance states a First Amendment violation, his claim is without merit. Appellant's allegations that Appellee Smith reprimanded him and threatened him with future lock-up in retaliation for exercising his First Amendment right to file grievances are legally insufficient to meet the necessary "adverse impact" requirement. See ACLU v. Wicomico County, 999 F.2d 780, 786 n.6 (4th Cir. 1993).

Second, to the extent that Appellant alleged that Appellee Pratt violated his civil rights by going along with Appellee Smith, his claim is without merit. Pratt cannot be held vicariously liable for Smith's actions because individuals cannot be sued under § 1983 by virtue of respondeat superior. Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). Furthermore, since Pratt did not directly or in a supervisory capacity deprive Gaither of any federally protected right, Pratt cannot be held individually liable under § 1983 based on his supervisory capacity.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED